**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3410-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN W. PETTIFORD, a/k/a
JEFFREY A. PETTIFORD,

    Defendant-Appellant.

_____

Submitted June 21, 2022 – Decided July 1, 2022

Before Judges Whipple and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-11-1253.

Joseph E. Krakora, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).

LaChia L. Bradshaw, Acting Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John W. Pettiford appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. He argues the court erred by denying his petition, which claimed ineffective assistance of the counsel who represented him at his resentencing following our remand on his direct appeal from an eight-year custodial sentence imposed after he pleaded guilty to violating Drug Court probation.[1] He argues his counsel was ineffective by failing to present documentary evidence of information related to "health concerns addressed . . . in his PCR application" that defendant contends would have supported a finding of mitigating factor eleven, imprisonment would entail excessive hardship to defendant and his dependents, N.J.S.A. 2C:44-1(b)(11). Unpersuaded by defendant's arguments, we affirm.

I.

Defendant pleaded guilty to second-degree robbery and was sentenced to special Drug Court probation in accordance with N.J.S.A. 2C:35-14 with an alternative sentence of an eight-year custodial term subject to the requirements

---

[1] Effective January 1, 2022, Drug Court was renamed Recovery Court to better reflect its primary goal. We refer to defendant's sentence as Drug Court probation because that was the applicable term when the original sentence was imposed and when defendant was resentenced following our remand on his direct appeal.

of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Following defendant's subsequent guilty plea to a violation of Drug Court probation, the court imposed the alternative custodial sentence. The judgment of conviction entered following defendant's sentencing for the violation of special Drug Court probation did not include any findings of aggravating and mitigating factors. See N.J.S.A. 2C:44-1(a) and (b).

On defendant's direct appeal from his sentence, an Excessive Sentence Oral Argument panel remanded for resentencing. The remand order directed the court to address defendant's entitlement to jail credits and correct the judgment of conviction to reflect the aggravating and mitigating factors supporting the sentence imposed.

At the remand hearing, the court found aggravating factors three, the risk defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3); six, defendant's prior criminal record, N.J.S.A. 2C:44-1(a)(6); and nine, the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The court found mitigating factor six, defendant has or will compensate the victim of his crime, N.J.S.A. 2C:44-1(b)(6). Based on defendant's failure to comply with the conditions of special Drug Court probation, the court did not find mitigating factor ten, defendant is particularly likely to respond affirmatively to

3

probationary treatment, N.J.S.A. 2C:44-1(b)(10), a factor the court had found when it imposed the special Drug Court probation sentence.

The court again imposed the alternate sentence under defendant's original plea agreement—an eight-year custodial term subject to NERA. Defendant did not appeal from the judgment of conviction entered following his resentencing on remand.

Defendant filed a pro se PCR petition asserting counsel at his resentencing following our remand was ineffective by failing to "secure favorable affidavits from friends, family, employers and other members of the community" and "press the sentencing court to undertake a qualitative analysis of the sentencing factors before imposing prison terms." He also asserted counsel failed to make "an effort to vigorously argue for certain mitigating factors . . . at sentencing."[2]

---

[2] The pro se PCR petition also alleged defendant's plea counsel was ineffective by failing to "properly confer with defendant prior to [p]lea," and counsel was ineffective by failing to make full disclosure of "defendant's mental health issues with the assistance of proper mental health experts and an evaluation" thereby preventing defendant from assisting in the preparation of his defense. Defendant does not address those claims on appeal and does not argue the PCR court erred by rejecting them in its denial of his PCR petition. We therefore do not address the merits of those claims and we affirm the court's rejection of them. See Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining issues not addressed in a party's merits brief are deemed abandoned).

In a supplemental verified petition filed following the assignment of counsel, defendant asserted his counsel should have presented the remand sentencing court with evidence defendant's incarceration would cause excessive hardship to him and his dependents, his mother and his three children. In support of the ineffective-assistance-of-counsel claim, defendant submitted medical reports he claimed established he is blind in one eye and suffers from other medical conditions and mental health issues. He also submitted a certification from the mother of his three children stating her provision of care to their three children and defendant's mother would be aided by defendant if he was not incarcerated. Defendant also proffered certifications from his mother's friend and his brother describing his mother's need for care and asserting defendant could assist in providing care if he was not incarcerated.

Following argument, the court determined defendant failed to sustain his burden of establishing his counsel's performance at the resentencing on remand was deficient or that he suffered any prejudice as a result of counsel's purported error. The court entered an order denying defendant's petition without an evidentiary hearing. This appeal followed.

Defendant presents the following arguments:

POINT I

A-3410-20

THE PCR JUDGE ERRED WHERE HE DID NOT STATE HIS REASON FOR REJECTING DEFENDANT'S ARGUMENT THAT MITIGATING FACTOR ELEVEN WOULD HAVE REDUCED THE CUSTODIAL TERM IMPOSED.

POINT II

THE PCR JUDGE ABUSED HIS DISCR[E]TION WHERE HE DID NOT CONDUCT AN EVIDENTIARY HEARING TO ALLOW DEFENDANT TO DEMONSTRATE PREJUDICE IN SPITE OF DEFENSE COUNSEL'S PLAINLY DEFICIENT PERFORMANCE.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). We apply those standards here.

An ineffective-assistance-of-counsel claim is considered under the standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984), adopted as applicable under the New Jersey Constitution by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). To obtain relief based upon an ineffective-

6

assistance-of-counsel claim, defendant must show his counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. Strickland, 466 U.S. at 687.

Counsel's performance is deficient if it "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Id. at 687-88. The defective performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable[,]" id. at 687, and defendant demonstrates a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694. A failure to satisfy either prong of the Strickland standard requires a denial of a PCR petition. See id. at 700; State v. Nash, 212 N.J. 518, 542 (2013); Fritz, 105 N.J. at 52.

Defendant claims counsel's performance was deficient by failing to present evidence at the remand sentencing hearing establishing his incarceration would cause excessive hardship to himself, due to various claimed medical conditions, and to his dependents, including his mother who suffers from disabilities, and his three children, two of whom have special needs. He argues counsel's alleged failure deprived him of the benefit of a finding by the remand

sentencing court of mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11), and therefore the court imposed a longer custodial sentence than he would have otherwise received had mitigating factor eleven been found.

In support of his PCR petition, defendant provided the evidence he contends his counsel should have presented to the remand sentencing court, claiming it supports a finding of mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11). The evidence includes a certification from Joanne Moolchan, the mother of defendant's three children, explaining the special needs of two of the children and detailing her difficulties in caring for the children "without [defendant's] help." The certification also states that if defendant is released from incarceration "he would be able to support [her] in caring for the children." Defendant claims that if the evidence in the certification had been submitted by his counsel to the remand sentencing court, it would have supported a finding his children suffered excessive hardship by his incarceration under N.J.S.A. 2C:44-1(b)(11).

The mere fact defendant has children does not permit or require a finding of mitigating factor eleven. State v. Dalziel, 182 N.J. 494, 505 (2005). To support a finding of this mitigating factor, a defendant must demonstrate the children are dependents who will suffer an "excessive hardship" comprised of

adverse circumstances "different in nature than the suffering unfortunately inflicted upon all young children whose parents are incarcerated." State v. Locane, 454 N.J. Super. 98, 129 (App. Div. 2018).

Defendant made no such showing in support of his PCR petition. His proffered evidence establishes Ms. Moolchan provides care for them and that care would be made easier if defendant was available to provide assistance. In Dalziel, the Court held mitigating factor eleven is inapplicable in the absence of evidence the defendant lived with the child or supported the child and the mother who cared for the child prior to sentencing. 182 N.J. at 505; see also State v. Hyman, 451 N.J. Super. 429, 460 (App. Div. 2017) (finding defendant failed to establish "his children would experience 'excessive' hardship from his absence" where there was "no evidence he was a significant source of support for his five children," and the children's mother "ha[d] primary care of the children"). Ms. Moolchan's certification makes no such showing here. Defendant's proffered evidence suffers from the same deficiency the Court found in Dalziel and does not support a finding of mitigating factor eleven.

For the same reasons, the evidence defendant claims his counsel should have submitted to the remand sentencing court concerning the alleged excessive hardship his incarceration would have on his mother, Ethel Pettiford, does not

support a finding of mitigating factor eleven. That evidence consists of: Ms. Moolchan's certification stating she provides care for Ms. Pettiford; a certification from Joyce Byrd, a friend of Ms. Pettiford, stating Ms. Pettiford suffers from dementia and lives with her son, Glynn Pettiford, who "has been her primary caretaker since June 15, 2017"; and the certification of another of Ms. Pettiford's sons, Jeff Pettiford, stating Glynn Pettiford provides inadequate care to Ms. Pettiford, and defendant would be able to assist in Ms. Pettiford's care if he was released from incarceration.

The certifications do not establish that defendant ever cared for Ms. Pettiford prior to his sentencing or that she has ever been defendant's dependent. That is, there is no evidence defendant lived with, or provided care for, his mother at any time prior to his resentencing. To the contrary, the evidence submitted in support of defendant's PCR petition showed only that Ms. Pettiford lived with her son Glynn, who provided care for her, and that Ms. Moolchan also assisted in providing care to her. In the absence of any evidence defendant provided care for his mother prior to his incarceration, and with the evidence affirmatively showing only others provided the care, defendant did not demonstrate any basis for a finding of mitigating factor eleven on his claim his

10

mother is a dependent who would suffer excessive hardship from his incarceration.

Defendant also claims his counsel was ineffective by failing to present medical records to the remand sentencing court which he contends shows he is blind in one eye and suffers from other medical and mental health issues. In State v. Wilson, we rejected a claim a defendant suffering from multiple sclerosis was entitled to a finding of mitigating factor eleven, holding that "[a]lthough we sympathize[d] with defendant's medical condition, the record [was] devoid of any evidence that he [would] not obtain satisfactory medical treatment while incarcerated." 421 N.J. Super. 301, 311-12 (App. Div. 2011). Here, defendant similarly failed to provide evidence his counsel could have presented demonstrating his medical conditions were not being, or could not be, adequately treated in prison. For that reason, he failed to demonstrate there was evidence available to his counsel supporting a finding of mitigating factor eleven at his remand sentencing proceeding.

In sum, the evidence defendant proffered to the PCR court, which defendant claims his counsel should have supplied to the remand sentencing court, even if accepted as true does not support a finding of mitigating factor eleven. A sentencing proceeding is a critical stage of the trial process, State v.

Briggs, 349 N.J. Super. 496, 500-01 (App. Div. 2002), and counsel's "failure to present mitigating evidence or argue for mitigating factors" at sentencing may support a finding of deficient performance, State v. Hess, 207 N.J. 123, 154 (2011). But counsel's performance is not deficient where, as here, he fails "to raise unsuccessful legal arguments," State v. Worlock, 117 N.J. 596, 625 (1990), or fails to make a meritless request to the court, State v. O'Neal, 190 N.J. 601, 619 (2007).

Defendant did not sustain his burden of demonstrating his counsel's performance was deficient under the first prong of the Strickland standard because he failed to demonstrate the evidence he contends his counsel should have presented to the remand sentencing court would have supported a finding of mitigating factor eleven. See generally ibid.; Worlock, 117 N.J. at 625. For the same reason, defendant did not establish that but for his counsel's purported error in failing to present the evidence, there is a reasonable probability the result of the sentencing proceeding would have been different. See Strickland, 466 U.S. at 694. Defendant's failure to sustain his burden under either prong of the Strickland standard requires denial of his PCR petition. Id. at 700; Nash, 212 N.J. at 542.

Defendant also asserts the PCR court erred by denying his petition without an evidentiary hearing.  An evidentiary hearing on a PCR claim is required only where a defendant establishes a "prima facie case in support of post-conviction relief," a court determines "there are material issues of disputed fact that cannot be resolved by reference to the existing record, and . . . an evidentiary hearing is necessary to resolve the claims for relief."  R. 3:22-10(b).  To establish a prima facie PCR claim, a "defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits."  Ibid.; see also State v. Preciose, 129 N.J. 451, 462-63 (1992).

As we have explained, defendant failed to present evidence establishing a prima facie case of ineffective assistance of counsel on his claim counsel was ineffective by failing to present evidence at the remand sentencing hearing supporting a finding of mitigating factor eleven.  The court therefore correctly denied his request for an evidentiary hearing.

To the extent we have not expressly addressed any of defendant's remaining arguments, we find they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-3410-20